### AUERBACH v. LAMCHICK.

(Supreme Court, Appellate Term. March 5, 1909.)

TRIAL (§ 2*)—TRIAL OF CASES TOGETHER.

    Plaintiff having brought two actions against the same defendant on the same written guaranty, it was error for the trial court to dispose of both cases on the evidence taken in one, in the absence of any stipulation that both cases should be tried together, or that the one tried should govern the disposal of the other, or that the evidence taken should be considered as taken in both cases.

    [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 3–5; Dec. Dig. § 2.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Actions by Jacob Auerbach against Jacob Lamchick. From judgments for defendant, plaintiff appealed. Judgments reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and DAYTON, JJ.

Philip Ordover, for appellant.

Steindler & Houston, for respondent.

PER CURIAM. Each action was brought on the same date to recover upon defendant's written guarantee, addressed to plaintiff, dated April 3, 1906, as follows:

"I hereby guarantee for M. Sandler to the amount of $100 for one year for goods which you may sell from April 3, 1906, to April 3, 1907."

Plaintiff's bills of particulars were filed in each case. The record does not contain a stipulation that both cases be tried as one, or that the one tried should dispose of the other, nor does it disclose that the evidence taken related to or should be applied to both cases. At the close of the testimony the following colloquy took place.

"Plaintiff's Counsel: I would ask to have this second case adjourned, for the reason that I have been really taken by surprise by their defense.

"The Court: They have offered a good defense.

"Defendant's Counsel: I object to the adjournment of the case.

"The Court: * * * I think both cases should be disposed of to-day. I will consider a motion to dismiss in both of them."

On the settlement of the case on appeal there was a further colloquy as follows:

"The Court: At the time the above case was tried there was also tried an action in which Jacob Auerbach was plaintiff and Jacob Lamchick was defendant, and that the opinion of the court was that both cases were to be determined on the evidence offered in one case."

To which plaintiff's counsel excepted.

"Plaintiff's Counsel: "Your honor will certify to the fact that no testimony was taken in the second case. '

"The Court: I will leave that to the record. I will not interfere with the record. ·I·want the appeal decided on ·its merits."

This disposition cannot be approved as proper practice. The trial court held as matter of law that the guarantor could not be held for goods sold to a copartnership. It cannot be said with accuracy whether this rule should be applied to the·action in which no testimony was taken, and if he was right in applying the principle to the action tried his decision should have been a nonsuit for failure of proof of cause of action. Section 248, subd. 4, Municipal Court Act (Laws 1902, p. 1561, c. 580).

The evidence in the action tried indicates, but not precisely, that plaintiff sued the firm of Sandler & Son and recovered judgment. If that was so, as to the sales in question here the defendant would not be liable. Be that as it may, plaintiff, if he so desires, is entitled to a trial and determination of each action, and the orderly administration of justice requires a reversal of both these judgments.

Judgments reversed, and new trial ordered, with costs to appellant to abide the event.